**In re Larry J. ALEXANDER and John J. Alexander and Norma L. Alexander, Debtors.**

**Phillip D. ARMSTRONG, Trustee of Estate of Larry J. Alexander, Plaintiff,**

**v.**

**JOHNNIE'S MOTOR SALES, INC. and General Motors Acceptance Corp., Minot, North Dakota, Defendants.**

**Phillip D. ARMSTRONG, Trustee of Estates of John J. Alexander and Norma L. Alexander, Plaintiff,**

**v.**

**JOHNNIE'S MOTOR SALES, INC. and General Motors Acceptance Corp., Minot, North Dakota, Defendants.**

Bankruptcy Nos. 82–05138, 82–05153. Adv. Nos. 82–7168, 82–7167.

United States Bankruptcy Court, D. North Dakota.

Jan. 10, 1984.

Phillip D. Armstrong, Minot, N.D., for plaintiff.

Robert D. Hartl, Rugby, N.D., Robert A. Wheeler, Minot, N.D., for defendants.

## MEMORANDUM DECISION AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Phillip D. Armstrong, Trustee of the estates of Larry Alexander and John and Norma Alexander, requests that the Court determine that his interest in two Massey-Ferguson tractors, which were owned by the Debtors at the time they filed for bankruptcy relief, is superior to those of the Defendants, Johnnie's Motor Sales, Inc. and General Motors Acceptance Corporation. The Debtors filed petitions for relief under Chapter 7 of the Bankruptcy Code and were discharged in their bankruptcy proceedings on January 10, 1983. This matter came on for hearing before the Honorable Harold O. Bullis on February 10, 1983, at Minot, North Dakota. The parties have consented to this Court rendering its decision on the basis of the record in this matter. After a review of the entire record of pleadings and proceedings, this Court finds the following:

Larry and John Alexander each purchased new 1981 Massey-Ferguson tractors in July 1981 from Johnnie's Motor Sales, Inc. (JOHNNIE'S). Larry Alexander signed a new retail installment contract (Exhibit 1) with Johnnie's on September 29, 1981, for the purchase of his 1981 Massey-Ferguson 4-wheel drive tractor. John Alexander signed a new retail installment contract (Exhibit 3) with Johnnie's on October 6, 1981, for the purchase of his 1981 Massey-Ferguson 2-wheel drive tractor.[1] These contracts were assigned with full recourse to General Motors Acceptance Corporation (GMAC) a few days after the date of their execution.

Larry Alexander returned the 1981 4-wheel drive tractor to Johnnie's in the Fall of 1981 for a routine maintenance check. John Alexander returned the 1981 2-wheel drive tractor to Johnnie's in November of 1981 for repair work on its engine. The two tractors remain in the possession of Johnnie's. Larry Alexander filed for relief under Chapter 7 of the Bankruptcy Code

---

**1.** Larry Hagle, former co-owner of Johnnie's, testified at trial that the July contracts were replaced by the later installment contracts because Massey-Ferguson refused to finance the original contracts after the Farmers Home Administration failed to release its lien on tractors which the Debtors had traded in for their 1981 Massey-Ferguson tractors. The Debtors testified that the contracts were refinanced to avoid making the first installment payment due in the Fall of 1981.

on March 19, 1982. John and Norma Alexander filed for Chapter 7 relief on March 25, 1982.

Section 41–09–23(1) of the North Dakota Century Code provides that all security interests must be perfected by a filed financing statement except "[a] security interest in collateral in possession of the secured party under section 41–09–26". Section 41–09–26 of the North Dakota Century Code provides, in part:

> A security interest in ... goods ... may be perfected by the secured party's taking possession of the collateral.... If such collateral other than goods covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest....

The tractors under question in this adversary are goods as defined in NDCC § 41–09–05(1)(h). Johnnie's has possessed the tractors in this instance as a bailee with knowledge of GMAC's claim. Although Johnnie's did not retain possession of the tractors from the time the financing was arranged, NDCC § 41–09–26 does not specify a certain time within which possession should take place.

■ The situation in this adversary is very similar to that which the court addressed in *In re King*, 31 U.C.C.Rep.Serv. 697 (Bankr.E.D.Tenn.1981). The Debtor in *In re King* had voluntarily returned a recently purchased trailer to the vendor. Although the vendor had assigned the sales contract with full recourse to a local bank, the court determined that the vendor was a bailee with notice of the secured party's interest. The court found on that basis that the bank's interest was superior to that of the bankruptcy trustee. It may be argued in this instance that at some point the Alexanders did not acquiese in Johnnie's possession of the tractors. Nevertheless, the Debtors did initially turn over the

tractors to Johnnie's voluntarily. Johnnie's possession of the two tractors perfected the security interest they originally retained in the machines as vendors, which interest was later assigned to GMAC.

■ Johnnie's has also argued that they are entitled to a repairman's lien under Chapter 35–13 of the North Dakota Century Code. Any possessory lien under that chapter would be limited to the amount of the charges for the repairs. Larry Hagle, former co-owner of Johnnie's, testified at the trial that the repairs to John Alexander's tractor had been paid through a credit from Massey-Ferguson because the tractor was still under warranty. Since there is no debt for the repairs, no lien exists under Chapter 35–13 of the North Dakota Century Code.

For the reasons stated,

IT IS ORDERED:

1. That under sections 41–09–23(1) and 41–09–26 of the North Dakota Century Code, General Motors Acceptance Corporation has a valid and perfected possessory lien in the two 1981 Massey-Ferguson tractors owned by Larry and John Alexander which are now in the possession of GMAC's bailee, Johnnie's Motor Sales, Inc.

2. That General Motors Acceptance Corporation has a superior interest to that of the bankruptcy estate in the two Massey-Ferguson tractors owned by Larry and John Alexander.